# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

JEREMY CABLE                                                                          PLAINTIFF

VS.                                                           CIVIL ACTION NO. 1:18-cv-54-DAS

MELINDA COOMBS ET AL.                                                               DEFENDANTS

### MEMORANDUM OPINION

Before the Court are Defendants' [60] Motion for Summary Judgment and Plaintiff's [62] Motion for Partial Summary Judgment. After considering the matter, the court finds as follows:

*Facts and Procedural History*

On July 22, 2014, someone wrote a check for $205.04 to the Starkville Kroger. It was drafted on Plaintiff's personal checking account—with his mailing address preprinted in the top left corner—and was signed "Jeremy Cable." His driver's license number was recorded on the back of the check. The check was returned for insufficient funds. Kroger alleges it attempted to contact Cable, but after ninety days passed with no response, Kroger mailed the statutory Notice of Dishonor. The notice provided that failure to pay the amount owed within fifteen days allowed Kroger to "assume that [Cable] delivered the instrument with the intent to defraud." *See* Miss. Code Ann. § 97-19-57. Although Plaintiff claims he never received the notice, it was never returned to Kroger as undeliverable or refused.

On December 23, 2014, after Cable failed to respond, Melinda Coombs—a Kroger employee tasked with handling bad checks—executed a complaint form and affidavit on Kroger's behalf. Using a copy of the check retained in Kroger's electronic system, she reported Cable's

information as found on his check, as well as Kroger's store information. She certified the information was true and that the case was not brought for collection of a civil debt. Based on the information presented, she stated that "Jeremy Cable . . . did unlawfully . . . and fraudulently obtain Merchandise . . . by presenting to Kroger a certain check . . . well knowing at the time of delivering said check that he did not have an account of sufficient funds . . . a copy of which is attached."[1] One of the questions on the form asked for the "name of person accepting check." Coombs left this question blank. The next question asked, "Can this person make positive ID?" Coombs said, "Yes." Coombs sent the affidavit to the Lowndes County District Attorney's Office's Bad Check Unit, along with a copy of the check. Coombs and Kroger had no further participation in the matter.

On January 13, 2015, the district attorney's office sent a letter to Plaintiff advising that a bad check affidavit had been submitted. According to the district attorney's call log, someone called claiming to be Cable who apologized for writing the check to Kroger and said that he would come by on January 30 to make payment.[2] Plaintiff did not appear on January 30 to make payment.

On July 6, 2015, the district attorney presented all evidence, including the complaint form and check-copy, to the grand jury, which returned an indictment against Plaintiff.[3] The Court issued a warrant on July 10, and Plaintiff was arrested on September 27. Plaintiff's trial was set for January 27, 2016. He failed to appear, and a bench warrant was issued. On February 5, Cable was arrested a second time. Notably, Plaintiff testified all his damages arose following the second

---

[1] [Dkt. 60-6].

[2] [Dkt. 60-8]. A private investigator, Lewis Watt, searched the TLOxp database and determined the phone number used was "associated with Jeremy Gerard Cable from June 2014 to November 2015." [Dkt. 60-10].

[3] [Dkt. 60-11]

arrest.[4] After appearing before the court and on advice of counsel, Plaintiff paid the restitution to Kroger is criminal case was retired to the file on November 10, 2016.

On November 8, 2017, Plaintiff filed the instant suit asserting negligence, gross negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, assault, abuse of process, false arrest, wrongful imprisonment, and malicious prosecution. The crux of Plaintiff's argument is that Coombs made false statements in the complaint form which led to his arrest and incarceration for seven days. Defendants move for summary judgment and dismissal with prejudice. Plaintiff moves for partial summary judgment as to liability and proximate causation.

*Summary Judgment Standard*

Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The Rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citations omitted). In reviewing the evidence, factual controversies are to be resolved in favor

---

[4] [Dkt. 60-2] Cable Deposition, pp. 86-87.

of the non-movant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgewick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little*, 37 F.3d at 1075.

*Analysis and Discussion*

**Negligence Per Se**

"Negligence per se renders a defendant liable without proof of reasonable care when the plaintiff proves the defendant violated an applicable statute. *Rivera v. Adams Homes, LLC*, 2014 WL 3342566 at *5 (S.D. Miss. July 8, 2014). Plaintiff argues Kroger "knowingly directed Defendant Coombs to violate Mississippi Code Section 99-9-59 as Defendant Kroger knew Defendant Coombs had no personal knowledge that Plaintiff committed the Felonious Crime of False Pretense."[5] Plaintiff claims Coombs committed perjury when she stated in the complaint form and affidavit that (1) she could positively identify Jeremy Cable as presenting the check and (2) she had personal knowledge that Jeremy Cable committed the crime of false pretense.

Plaintiff's claim of negligence per se fails on multiple grounds. First, he asserts Kroger "direct[ed] its employee to untruthfully complete and submit a Complaint Form and Affidavit

---

[5] *See* Miss. Code Ann. § 99-9-59 ("Every person who shall willfully and corruptly swear, testify, or affirm falsely to any material matter under any oath, affirmation, or declaration . . . shall be guilty of perjury.").

against Jeremy Cable." Although Coombs was tasked with handling bad checks, there is no evidence that Kroger *directed* her to lie on the form. Second, the court finds there is insufficient evidence to support a charge of perjury. The form asked for the "name of person accepting check." Coombs left it blank. It then asked, "Can this person make positive ID?" Coombs responded, "Yes." The Court finds that the "this person" identified on the form refers to the "person accepting check." As Coombs left that question blank, the Court finds she did not commit perjury. Plaintiff, however, argues the "this person" refers to Coombs. Even giving Plaintiff the benefit of that interpretation, his claim still fails. At the time Coombs completed the form she had before her the copy of the check, complete with Cable's purported signature, his address, and his driver's license number. She also had evidence that Kroger had attempted to contact Cable and had sent him the Notice of Dishonor. She testified she used the information on the check and in Kroger's system to "identify" Cable, which was not perjury. Plaintiff also laments that Coombs did not physically see Cable pass the check at Kroger. But Coombs never said she did. She swore that "the matters and facts set forth in the foregoing affidavit are true and correct to the best of [my] *information and belief*."[6] The Court has already discussed all the information available to Coombs at the time of completing the affidavit. The Court finds no evidence of perjury.

**Malicious Prosecution**

Mississippi has six elements to malicious prosecution: (1) institution of judicial proceedings (2) by, or at the insistence of defendant; (3) termination of such proceeding in plaintiff's favor; (4) malice in instituting the proceeding; (5) want of probable cause for the

---

[6] [Dkt. 60-6] emphasis added.

proceeding; and (6) damages. *Cardenas v. Maslon*, 93 F. Supp. 3d 557, 566 (N.D. Miss. 2015). Failure to prove any element is fatal to plaintiff's claim. *Brabham v. O'Reilly Automotive, Inc.*, 274 Fed. Appx. 373, 376 (5th Cir. 2008). While not conceding the other factors, Defendants argue Plaintiff failed to establish "termination in his favor," "malice," and "lack of probable cause."

   a. *Termination*

Favorable termination requires that "the dismissal of criminal proceedings must reflect on the merits of the criminal action." *Bearden v. BellSouth Telecommunications, Inc.*, 29 So. 3d 761, 764 (Miss. 2010). "If [dismissal] is of such a nature as to indicate the innocence of the accused, it is a favorable termination . . . . If, however, the dismissal is on technical grounds, for procedural reasons, or for any other reason not inconsistent with his guilt, it does not constitute a favorable termination." *Id.* at 765 (citations omitted).

Defendants argue Plaintiff's charges were not even dismissed, but rather "retired to file"—in exchange for his agreement to pay restitution—and could have been recalled at any time. Plaintiff argues the charges were retired to file because Defendants sent no witnesses to the trial and the prosecutor was unable to proceed. The record reflects the prosecutor moved to "Retire the case to the file in the interest of justice (Affidavit Missing [handwritten])," which was sustained by the Municipal Court of Starkville, Mississippi. Further, Plaintiff argues his criminal charges were expunged, which was a termination in his favor. Plaintiff presents this Court with an Order for Expungement.[7] The order is styled "In the Circuit Court of Oktibbeha County, Mississippi," but it is signed by a "Municipal Judge."[8] The order provides that "it is[,] therefore, further ordered

---

[7] [Dkt. 73-8].
[8] *Id.* at pp. 1, 3.

and adjudged that the Charge of False Pretense . . . against Petitioner Jeremy Gerard Cable is terminated in Petitioner's Favor."[9] Plaintiff argues the order of expungement is conclusive proof of a termination in his favor. However, Plaintiff instituted his case for malicious prosecution on November 8, 2017. The order of expungement was not entered until November 14, 2018. Therefore, at the time Plaintiff filed his complaint, his charges had not been expunged. In any event, the charges were expunged because they languished too long in the file. The order of expungement provides that they were retired to file on November 10, 2016, and "[a]s of November 10, 2018, the charge of False Pretense against Mr. Jeremy Cable terminated."[10]

Even if, as Plaintiff argues, the charges were retired to file because Kroger did not send any witnesses to his trial, that fact does not reflect on his innocence, but is rather a "technical or procedural" ground that is not inconsistent with his guilt. It is undisputed that Cable paid the restitution to Kroger while the charges remained retired to file. The order of expungement is of no avail. Not only did it not exist at the time this suit was instituted, but it too disposes of the charges on a procedural ground—the statute of limitations.

The Court having found that Plaintiff cannot show a termination in his favor, it need go no further as to the claim of malicious prosecution. However, it will continue its analysis as to malice and probable cause.

---

[9] *Id.* at p. 3.
[10] *Id.* at p. 2.

b. *Malice*

In malicious prosecution claims, malice denotes a prosecution "instituted primarily for purposes other than that of bringing an offender to justice." *Gatheright v. Clark*, 680 Fed. Appx. 297, 301 (5th Cir. 2017).

> Under Mississippi law, "a citizen has a privilege to start the criminal law into action by complaints to the proper officials so long as one acts either in good faith, i.e., for a legitimate purpose, or with reasonable grounds to believe that he person proceeded against may be guilt of the offense charged."

*Id.* (quoting *Downtown Grill, Inc. v. Connell*, 721 So. 2d 1113, 1117 (Miss. 1998)).

Plaintiff argues Kroger acted with an intent other than bringing an offender to justice. While it may be true that Kroger ultimately hoped to receive payment on the bad check as restitution, there is no evidence it did not seek to bring Jeremy Cable to justice as the purported author of the bad check. In completing the complaint form, Coombs certified that "this case is not brought for collection of any civil debt" and that she "underst[oo]d that when turned over for prosecution, [Kroger] may not receive payment on this check." The complaint form also provided that a thirty dollar fee would be assessed "if this check is collected by the victim." Therefore, the complaint form itself provided that payment may ultimately be collected, but that it was not guaranteed. The Court finds Plaintiff has failed to establish the element of malice.

c. *Probable Cause*

"Probable cause requires the defendant have both (1) an honest belief in the guilt of the person accused, and (2) reasonable grounds for such belief." *Id.* at 300. The return of an indictment is prima facie evidence of probable cause, but may be overcome by pleading "facts showing fraud or other improprieties in [plaintiff's] prosecution." *Id.*

Similar to *Gatheright*, Coombs "filled out a standard form and the grand jury indicted." *See id*. at 301. In filling out the form, Coombs used the information from the copy of the check in

Kroger's system—supplying Cable's name and address, as well as his driver's license number, which had been recorded on the back of the check. The check bore Cable's purported signature. Coombs also knew when completing the form that Kroger had attempted to contact Cable to resolve the issue; he had not responded; and Kroger had mailed the statutory notice of dishonor.

Coombs then sent the completed complaint form, along with a copy of the check, to the district attorney's office. This information, including the copy of the check, was submitted to the grand jury, along with the call log that someone called purporting to be Cable who apologized for writing the check and promised to make payment. The grand jury returned an indictment. Cable has submitted no evidence that there was any improprieties or fraud in the grand jury proceedings—other than his claims of perjury in completing the form which the Court has already found without merit.

The Court therefore finds that Cable has failed to rebut the indictment as prima facie evidence of probable cause. However, even without the indictment, the Court finds Defendants had probable cause to believe Plaintiff had committed a crime. *See id.* at 300.

**Intentional Torts**

    a. *False Imprisonment and False Arrest*

"A claim of false arrest is an intentional tort and is subject to a one-year statute of limitation." *Delaney v. Miss. Dept. of Pub. Safety*, 2013 WL 286365 at *9 (S.D. Miss. Jan. 24, 2013) (quoting *Brown v. Harrah's Entertainment, Inc.*, 14 So. 3d 827, 729 (Miss. Ct. App. 2009)). "A complaint for false arrest and false imprisonment accrues on the date of arrest." *Id.* (quoting *Parker v. Miss. Game & Fish Comm'n*, 555 So. 2d 725, 727 (Miss. 1989)). Cable was arrested on September 27, 2015, and February 5, 2016. His complaint, filed on November 8, 2017, was clearly untimely.

b. *Assault*

Assault has a one-year statute of limitations. Miss. Code Ann. § 15-1-35. Plaintiff alleges that during his arrests "the Starkville Police Department and/or the Oktibbeha County Sheriff's Deputies spoke to Plaintiff in a manner which proximately caused Plaintiff to suffer apprehension of a harmful or offensive contact with his person."[11] As stated, Plaintiff's arrest occurred on September 27, 2015, and February 5, 2016. His claim for assault is therefore time-barred.

c. *Abuse of Process*

"Abuse of process occurs when (1) a party makes an illegal use of a legal process, (2) the party has an ulterior motive, and (3) damage results from the perverted use of process," and is subject to a one-year statute of limitations. *Delaney*, 2013 WL 286365, at * 9 (quoting *Ayles ex rel. Allen v. Allen*, 907 So. 2d 300, 303 (Miss. 2005)). A cause of action for abuse of process "accrues at the termination of the acts which constitute the abuse complained of." *Id.*

It is undisputed that the only acts Defendants performed in this case was the filing of the bad check complaint form in December 2014. As the instant suit was commenced in November 2017, it is clearly time-barred. However, as the Court finds there was no impropriety in the complaint form, Plaintiff has failed to show "an illegal use of the legal process," and his claim for abuse of process fails on the merits. *See id.*

d. *Intentional Infliction of Emotional Distress*

Intentional infliction of emotional distress is subject to a one-year statute of limitations, and "[t]he limitations period begins to run as soon as the events giving rise to the distress occur."

---

[11] [Dkt. 2], Complaint, p. 11.

*Gatheright*, 680 Fed. Appx. at 303. In this case, the event giving rise to the distress is the execution of the bad check complaint and affidavit. *See id.* As those documents were executed in December 2014, the claim for intentional infliction of emotion distress filed in November 2017 is time-barred.

**Negligent Infliction of Emotional Distress**

Emotional distress claims require proof of either malicious or willful conduct or demonstrable physical harm. *Wade v. Jackson Ass'n of Realtors*, 615 Fed. Appx. 238, 240 (5th Cir. 2015) (citing *Am. Bankers' Ins. Co. v. Wells*, 819 So. 2d 1196, 1208–09 (Miss. 2001)). Plaintiff argues Kroger caused Coombs to commit perjury, which amounted to malicious and willful conduct. However, the Court has also found that there was nothing malicious in Coombs' completing the bad check complaint form nor did her answers on the form constitute perjury. Further, Plaintiff claims that he suffered humiliation and embarrassment, had lingering feelings of guilt, and lost sleep as a result of Defendants' actions. Such claims, even if true, do not show a "demonstrative physical symptoms or harm" and were soundly rejected in *Am. Bankers' Ins. Co. of Fla. v. Wells*, 819 So. 2d 1196, 1208-09 (Miss. 2001).

**Negligence**

Plaintiff clarifies that his claim of negligence is based on his theory of negligence per se in that Coombs violated Section 97-9-59 by perjuring herself in her bad check complaint and affidavit form. The Court has already found this claim lacks merit.[12]

---

[12] Plaintiff's complaint as to negligence alleges that "Defendant Employee, without any reasonable or probable cause, caused the arrest and detention of Plaintiff." [Dkt. 2], p. 8-9. The Court has found that Coombs had probable cause to complete the bad check complaint form and thus there has been no breach, assuming a duty exists. The count of negligence, as styled, is essentially one to recover on an intentional tort, which is time-barred. *See Childers v. Beaver Dam Plantation, Inc.*, 360 F. Sup. 331, 333 (N.D. Miss. 1973) (quoting *Dennis v. Travelers Ins. Co.*, 234 So. 2d 624, 562 (Miss. 1970)) ("There can be no escape from the bar of the statute of limitations applicable

**Negligent Supervision**

Plaintiff argues Kroger failed to properly train and supervise Coombs by not having policies in place that informed her not to submit false statements when completing bad check complaints and affidavits. As previously stated, the Court finds Coombs did not commit perjury in completing the complaint form and affidavit, that she properly relied on the information present on the copy of the check in Kroger's system, and that the information available to her was sufficient to provide probable cause.

Moreover, Plaintiff fails to satisfy the element of causation. The district attorney evaluated the information on the complaint form and other evidence and determined it sufficient to present to the grand jury. The grand jury, receiving that evidence, determined there was probable cause to believe that Plaintiff had committed the crime of false pretense by passing a bad check. This prima facie evidence of probable cause was unrebutted. *See Gatheright*, 680 Fed. Appx. at 300. Further, Cable testified that his "emotional distress and mental anguish and the humiliation all derived from [his second arrest]."[13] He affirmed that "the jail time and the second arrest are the events that have caused these damages."[14] Plaintiff's second arrest was the result of a bench warrant that was issued after he failed to appear for trial on January 27, 2016. Therefore, Plaintiff became a superseding, intervening cause of his own damages. *See Fed. Ins. Co. v. Gen'l Elec. Co.*, 2009 WL 4728696 at *6 (S.D. Miss. Dec. 3, 2009) ("When the plaintiff's own negligence is the sole cause of injury, the defendant is relieved from liability.").

---

to intentional torts by the mere refusal to style the cause brought in the recognized statutory category and thereby circumvent prohibition of the statute.").

[13] [Dkt. 60-2], p. 86.
[14] *Id.*

**Gross Negligence and Punitive Damages**

"Punitive damages are appropriate only in cases where the plaintiff shows by clear and convincing evidence that the defendant acted with malice, gross negligence evidencing willful, wanton, or reckless disregard for the safety of others, or the commission of actual fraud." *McReynolds v. Matthews*, 2018 WL 279991 at *14 (S.D. Miss. Jan. 3, 2018) (quoting *Gray v. Framme Law Firm of MS, P.C.*, 141 So. 3d 430, 435 (Miss. Ct. App. 2013)). The Court having found that Plaintiff's claims of negligence are without merit and that Defendants did not act maliciously, criminally, or in reckless disregard to Plaintiff's rights, Plaintiff's claims of gross negligence and punitive damages likewise fail.

**Motions to Strike**

Also before the Court are Plaintiff's Motion to Strike certain references contained in Defendants motion for summary judgment and supporting brief [68] and Defendants' Motion to Strike Plaintiff's affidavit attached to his response to Defendants' Motion for Summary Judgment [75].

a. *Plaintiff's Motion to Strike [68]*

Plaintiff asks this Court to strike (1) all references to a "check," (2) Defendants' identification of "India Parks" as the store clerk who accepted the check, and (3) the declaration of Lewis A. Watt.

The actual check in question has not been presented as evidence in this case and Defendants testified that they do not have the check itself. However, a copy of the check as retrieved from Kroger's electronic system is before the Court. Coombs used such a copy to complete the complaint form and affidavit. Such a copy was attached to the complaint form and sent to the district attorney's office. Such a copy was presented to the grand jury. And such a copy was attached to the true bill returned by the grand jury. Therefore, the Court understands that when the

parties, including Plaintiff, reference a "check," they are referring to a copy of the check retrieved from Kroger's electronic system, and Coombs testified as to her retrieval of that copy. Therefore, Plaintiff's motion to strike as to this issue is denied.

Defendants' brief identifies India Parks as the cashier who accepted the check. In response to the motion to strike, Defendants provide a document from the district attorney's office that labels Parks as the person accepting the check. But the only place in the record where Parks is identified at the time Defendants filed their brief is in the indictment, which states that "Cable did . . . cheat and defraud the said Kroger, India Parks, and Bancorpsouth." The indictment did not identify Parks as the clerk accepting the check. Therefore, Plaintiff's motion as to this issue is granted, and Defendants identification of India Parks as the clerk who accepted the check is hereby stricken.

Plaintiff moves to strike the Watt declaration as improper hearsay as it is not based on his personal knowledge. Watt is the private investigator who determined that the phone number used to call the district attorney's office was "associated with Jeremy Gerard Cable" and "indicated that Jeremy Gerard Cable utilized the mobile telephone number . . . in January 2015." Watt declared that he used the TLOxp database—managed by TransUnion Risk and Alternative Data Solutions, Inc.—to arrive at his conclusions. He therefore had personal knowledge and was prepared to testify as to how he conducted his investigation and the results of that investigation. The Court finds that the declaration is therefore sufficient summary judgment evidence supported by personal knowledge. Plaintiff's motion to strike as to this issue is denied.

    b. *Defendants' Motion to Strike [75]*

Defendants move to strike Plaintiff's affidavit as a self-serving change of testimony to defeat summary judgment. They argue he initially testified that he paid restitution to "get out of the system" and because he "wanted to get [his case] over with," while he asserts in his affidavit

that he paid restitution "to have the charge of False Pretense against [him] prosecuted in Municipal Court as a misdemeanor charge."

At his deposition, Plaintiff was asked to recount his recollection of why he paid restitution. He responded "I don't really remember, to be honest with you. I just know I had to pay restitution to keep from having a felony on my record."[15] The Court therefore finds that Plaintiff's affidavit does not present a change in testimony to warrant being stricken.

## *Conclusion*

For the reasons fully explained above,

1. Defendants' Motion for Summary Judgment [60] is GRANTED.

2. Plaintiff's Motion for Partial Summary Judgment [62] is DENIED.

3. Plaintiff's Motion to Strike [68] is GRANTED IN PART and DENIED IN PART.

4. Defendants' Motion to Strike [75] is DENIED.

5. Summary judgment is entered in favor of Defendants and Plaintiff's claims against Defendants are DISMISSED.

A final judgment consistent with this opinion will enter today.

SO ORDERED, this the 3rd day of July, 2019.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE

---

[15] [Dkt. 60-2] p. 56.